IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GEORGE LEE PARKS, III**                                                                                           **PLAINTIFF**

**VS.**                                                                              **CIVIL ACTION: 1:15cv314-RHW**

**EVAN HUBBARD,** *et al.*                                                                               **DEFENDANTS**

## ORDER

    This matter is before the Court on [85] Defendants' motion to dismiss for lack of prosecution, or in the alternative, for an order to show cause and for extension of deadlines.[1] Plaintiff George Lee Parks, III, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 prisoner civil rights complaint against 23 defendants, alleging excessive force, due process violations, and constitutionally inadequate medical care.[2] On April 27, 2016, the Court conducted a screening hearing in the case, and set a November 1, 2016 deadline for completion of discovery and a November 22, 2016 deadline for filing dispositive motions. [67] At the hearing, the parties consented to jurisdiction before a United States Magistrate Judge, and the matter has been reassigned to the undersigned for all further proceedings. [65], [68]

    On September 23, 2016, Defendants filed [81] a motion to compel Plaintiff to respond to written discovery propounded by Defendants on July 18, 2016. [75], [76], [77] Plaintiff had provided no responses to any of the discovery requests as of the date Defendants filed their motion to compel, nor did he respond to September 8, 2016 correspondence from Counsel for Defendants enclosing a good faith certificate for execution and return. The letter warned Plaintiff that his

---

[1] Defendant Harrison County joined in the motion the same day it was filed. [86]

[2] Parks originally filed a joint lawsuit with another inmate on August 27, 2015. By order of September 17, 2015, the Court ordered the plaintiffs to file separate complaints.

continued failure to respond to the discovery or at least communicate with defense counsel would result in Defendants' filing a motion to compel. [81-4] The Court granted Defendants' motion to compel on September 26, 2016, ordering Parks to serve full responses to Defendants' discovery requests by October 17, 2016, "failing which this case may be dismissed." Text Only Order entered September 26, 2016.

On October 19, 2016, Defendants filed [85] the present motion to dismiss, asserting that Parks had not complied with the Court's order of September 26, 2016, and the Court notes that the docket contains no indication that Parks has served any responses to Defendants' discovery requests as of the date of this order. The docket also reveals that Plaintiff has filed no response in opposition to the motion to dismiss.

In fact, the docket reflects that Parks filed nothing in this case from July 5, 2016 until after Defendants moved to dismiss the case. On October 20, 2016, Parks filed [87] a motion to "extend" his expert designation deadline which had expired some three and a half months earlier on July 1, 2016. Parks' filed his notice of service of designation of experts [71] on July 5, 2016.[3] From July 12, 2016 through September 29, 2016, Defendants have repeatedly complained of the deficiencies in Plaintiff's designation in Defendants' motions for extension of their expert designation deadlines due to Plaintiff's failure to provide any report or opinions of his expert, his failure to respond to Defendants' discovery requests, and his failure to execute and return medical authorizations to allow Defendants to obtain his medical records. See documents [72], [73], [74], [78], [82], [83]. Plaintiff did nothing to correct the deficiencies in his expert designation. He served no discovery responses even after the Court granted [81] Defendants' motion to compel,

---

[3]The notice is dated and notarized June 29, 2016.

and ordered him to respond to discovery or risk having his case dismissed, and nothing in the docket indicates he has ever provided the required medical authorizations.

## Discussion

When an act must be done within a specified time, Rule 6(b)(1)(A), FED.R.CIV.P., generally allows the court to extend the time for acting "... if a request is made, *before* the original time ... expires." Rule 16(b)(4) specifically, provides that a scheduling order may be modified "only for good cause and with the judge's consent." Plaintiff's motion to extend, filed months *after* his expert deadline expired, states only that he is incarcerated, has limited access to the law library, and that Defendants will not be prejudiced by an extension as they are represented by counsel and "trial is not set until eight months from now." The Court finds Plaintiff has shown no good cause warranting the "extension" he requests, and will deny his request to revive his long-expired expert designation deadline.

The Court advised Parks at the April 27, 2016 hearing that he was required to follow the Federal Rules of Civil Procedure, and that a party who fails to cooperate in discovery may have his case dismissed. The Court repeated that warning in its text order granting Defendants' motion to compel, and again in Order [84] where the Court granted extension of Defendants' expert deadlines necessitated by Plaintiff's conduct. In Order [84] the Court quoted the Rules governing designation of experts, observed that Parks had been on notice of the deficiencies in his designation since July 2016, and plainly stated that Parks' designation was insufficient. Parks has ignored all warnings and failed to comply with the Court's orders.

Rule 37, FED.R.CIV.P. permits the Court to dismiss an action against a party who fails or refuses to cooperate in discovery or to obey a discovery order. In addition, the Court is authorized to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule

41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. See generally, *Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30. The Court finds dismissal of this action appropriate in light of Parks' failure to prosecute his case, his failure/refusal to cooperate in discovery, and his failure to obey this Court's orders. See *Rice v. Doe*, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming dismissal based on inmate's failure to comply with court order). It is therefore,

**ORDERED AND ADJUDGED** that:

1. Defendants' [85] motion to dismiss is granted and Plaintiff's complaint is dismissed without prejudice as to all claims and all Defendants;

2. Plaintiff's motion for extension of time to designate experts is denied;

3. In light of the Court's dismissal of Plaintiff's complaint, Defendants' [85] motion to show cause and [85] motion to extend discovery and motions deadlines are held moot.

4. The dismissal of the case renders moot Defendants' [90] motion for further extension of expert designation and motions deadlines.

**SO ORDERED**, this the 15th of November, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE